UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DECARLO A. GARNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-451-TAV-DCP |
| | ) | |
| SL TENNESSEE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court

on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

("Application") [Doc. 1] and Complaint for Violation of Civil Rights [Doc. 2]. For the reasons

more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application [**Doc. 1**].

Under the PLRA, the Court is also required to screen complaints. 28 U.S.C. § 1915.[1] To

accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding

indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . .

. the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an

initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

*Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff names the following Defendants: (1) SL Tennessee ("Defendant Tennessee"); (2) Joel ("Defendant Joel"), the owner of Defendant SL Tennessee; (3) James Phillips ("Defendant James Phillips"), Defendant SL Tennessee's plant manager; (4) Rebecca Rayfield ("Defendant Rayfield"); (5) Jennifer Phillips ("Defendant Jennifer Phillips"); (6) Cindy Crabtree ("Defendant Crabtree"); (7) Candice ("Defendant Candice") with human resources; (8) Michelle ("Defendant Michelle") with human resources; and (9) Roger ("Defendant Roger"), a guard with Walden Security [Doc. 2 p. 1]. Later, he identifies a different list of Defendants: (1) Terry Clifford

2

("Defendant Clifford"); (2) Grace ("Defendant Grace"), an attorney at Paine/Bickers LLP; (3) Darius Franklin ("Defendant Franklin"); (4) Judge Victoria Bowling ("Judge Bowling"); and (5) and Matthew Thomas Tuck ("Defendant Tuck") [*Id.* at 8].

Plaintiff alleges that he received threats by the maintenance person on December 3, 2023, and that there was a racial slur "spray paint[ed] by the D2 UG head lamp lines RH/LH" [*Id.* at 6]. He reported both instances to human resources, but nothing was done [*Id.* at 3]. Plaintiff also reported "this racism and discrimination" to Defendant Joel, but "he failed to address this situation with [human resources]" [*Id.* at 3–4].

Later, on March 12, 2024, Plaintiff was assaulted by Defendant James Phillips [*Id.* at 2, 6]. Defendants James Phillips and Rayfield were plotting Plaintif's attack on the telephone [*Id.* at 3]. The following day, on March 13, 2024, Plaintiff reported the attack to Defendants Candice and Michelle, and nothing was done about it [*Id.*]. According to Plaintiff, they sent JoJo to attack Plaintiff "for retaliation of SI[,] who was an employee who showed racial prejudice against [Plaintiff]" [*Id.*].

On March 19, 2024, Defendant Roger called his brother, Berry Padilla, to arrest Plaintiff [*Id.* at 7]. Plaintiff alleges that "[Defendant] Roger and Benny Padilla have been making false arrest[s] since [Plaintiff] was employed at [Defendant] SL Tennessee" [*Id.*].

Based on the above, Plaintiff seeks a "settlement from [Defendant] SL Tennessee and the [D]efendants to be arrested and sent to prison for failure to provide a safe and healthy work environment" [*Id.* at 5].

**B.    Screening the Complaint**

As an initial matter, Plaintiff names several defendants (i.e., Defendants Clifford, Grace, Franklin, Judge Bowling, and Tuck) who do not appear to have any connection with the allegations

3

in the Complaint. Indeed, there are no allegations against them in the Complaint [*See* Doc. 2]. In addition, he names Defendant Jennifer Phillips in his original list [*see id.* at 4], but there are no allegations against her. These Defendants are therefore subject to dismissal for failure to state a claim of relief against them. *See Green v. Correct Care Sols.*, No. 3:14-CV-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to *pro se* complaints." (citations omitted)).

With respect to his causes of action, Plaintiff alleges none [*See* Doc. 2]. He, however, does reference "racism and discrimination" in the workplace [*Id.* at 3]. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under Title VII, the plaintiff must allege sufficient facts to support an inference that the defendant discriminated against him because of his race. *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV, 2020 WL 5801087, at *4 (W.D. Tenn. Sept. 29, 2020) ("It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful [conduct] related to the plaintiff's race." (citations omitted)). In addition, to allege a racially hostile work environment, the plaintiff must allege that "(1) [he] . . . 'belonged to a protected group' (2) [he] . . . 'was subject to unwelcome harassment,' (3) 'the harassment was based on race,' (4) 'the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment,' and (5) 'the defendant knew or should have known about the harassment

4

and failed to act.'" *Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021) (quoting *Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011)).

At the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *see also Shaw v. Prologistix*, No. 2:24-CV-2219, 2024 WL 2378944, at *2 (W.D. Tenn. May 23, 2024) (noting that the plaintiff does not have to plead a prima facie case when screening the complaint (citing cases)). "All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018) (citation omitted), *report and recommendation adopted*, No. 17-CV-2869, 2018 WL 648377 (W.D. Tenn. Jan. 31, 2018).

Here, Plaintiff has not properly alleged a claim under Title VII. Plaintiff claims he was assaulted and threatened, but there are no allegations that the assault or threats related to his race. He states that there was a racial slur "written where [he] and other people worked" [Doc. 2 p. 3]. But there are no other facts about this racial slur, including whether an employee spray painted it or where it was located. And while Plaintiff names several of his co-workers as Defendants, individuals cannot be held liable for a Title VII violation. *See Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) ("Title VII actions simply may not be brought against employees and supervisors in their individual capacities." (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). To the extent he attempts to allege a Title VII claim, it may be subject to dismissal.

Plaintiff also claims Defendant Roger called his brother, Benny Padilla, who is not a defendant, to arrest Plaintiff [Doc. 2 p. 7]. He claims that they "have been making false arrest[s] since [Plaintiff] was employed at [Defendant] SL Tennessee" [*Id.* at 7]. Again, Plaintiff has not alleged any causes of action, so it is difficult for the Court to screen this allegation. But the Court

notes that Plaintiff utilizes the form complaint for violations of 42 U.S.C. § 1983, which "provides the exclusive remedy for constitutional violations." *Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *8 (M.D. Tenn. July 12, 2019). Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

Starting with the first requirement, Plaintiff does not allege that Defendant Roger violated any constitutional rights. He does, however, reference false arrest. The Fourth Amendment protects against false arrests. *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020). The plaintiff must allege that "the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). To the extent Plaintiff is attempting to allege a Fourth Amendment violation, he has not sufficiently pleaded the first requirement.

Turning to the second requirement, Plaintiff does not allege that Defendant Roger was acting under the color of state law. He therefore has not sufficiently pleaded the second element.

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a) the names and titles of all [defendants if known];

b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  . . . the location where each relevant event occurred;

e)  . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f)  . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020).

"Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **June 1, 2026.**

 **IT IS SO ORDERED.**

 ENTER:

 _Debra C. Poplin_
 Debra C. Poplin
 United States Magistrate Judge

7